IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ORTEGA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiff*<br><br>-vs-<br><br>CORNERSTONE AUTO PROTECTION INC., CALL HANDLES, LLC,<br>*Defendants* | §§§§§§§§§§§ | SA-24-CV-00573-XR |

## SHOW CAUSE ORDER

On this date, the Court considered the status of this case. This action was commenced by the filing of Plaintiff's complaint on May 27, 2024. ECF No. 1. Even though over 90 days have passed since that filing, the Court has no record that the defendants named in this case have been served or have agreed to waive service.

Rule 4(c) of the Federal Rules of Civil Procedure provides in pertinent part: "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). Proof of service must be made to the court by filing the server's affidavit. FED. R. CIV. P. 4(l)(1). Rule 4 further provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

The 90-day time period for service has expired in this case and there is no indication that defendants have been properly served or have agreed to waive service. Plaintiff is therefore

2

**ORDERED** to show cause in writing on or before **September 17, 2024**, why this case should not be dismissed under Rule 4(m). **Failure to respond by that date will result in this case being dismissed**.

It is so **ORDERED**.

**SIGNED** this 3rd day of September, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE