IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ORTEGA, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CORNERSTONE AUTO PROTECTION INC. and CALL HANDLES, LLC<br><br>　　　　Defendants. | Case No: 5:24-cv-00573-XR |

### SUPPLEMENTAL MOTION FOR LEAVE FOR ATTORNEY PAULINA ALMANZA AND ALMANZA TERRAZAS PLLC TO WITHDRAW AS COUNSEL FOR PLAINTIFF

Undersigned counsel, Paulina Almanza, files this Motion for Leave to Withdraw as Counsel for Plaintiff. Undersigned counsel, along with the firm of Almanza Terrazas PLLC, request that the Court grant their permission to withdraw as counsel for Plaintiff Mark Ortega, and would show as follows:

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). The attorney seeking to withdraw has the burden to show good cause and unsubstantiated claims are generally insufficient to carry that burden. *See Denton v. Suter*, No. 3:11-CV-2559-N, 2013 U.S. Dist. LEXIS 142388, 2013 WL 5477155, at *1 (N.D. Tex. Oct. 2, 2013). Whether to permit counsel to withdraw lies within the Court's sound discretion. *In re Wynn*, 889 F.2d at 644. For the courts to properly exercise such discretion, the movant must provide reasons for the requested withdrawal. *Denton*, 2013 U.S. Dist. LEXIS 142388, 2013 WL 5477155, at *1.

Good cause for undersigned counsel to withdraw exists. The Texas Rules of Professional Conduct state that a lawyer shall withdraw from representation if "the lawyer's physical, mental or psychological condition materially impairs the [lawyer's] fitness to represent the client." *See* Tex. R. Disc. Prof'l. Cond. 1.16(a)(2). Moreover, other good cause for withdrawal exits because the attorney client relationship is unsustainable. *See* Tex. R. Disc. Prof'l. Cond. 1.16(b)(7). Continuing with the attorney-client relationship would be futile and would delay the prosecution of Plaintiff's claims, thereby expending unnecessary resources of the Court and the parties.[1]

Undersigned counsel has notified Plaintiff of the need to withdraw from this case and Plaintiff has previously requested that undersigned counsel withdraw from representing him. A successor attorney is presently unknown. In accordance with the local rules, Plaintiff's name, address, and phone number are as follows:

> Mark Anthony Ortega
> 15450 Capital Prt Dr.
> San Antonio, Texas 78249
> (210) 744-9663

This case is at the inception of the litigation. There is no trial setting at the moment.

The client's signature could not be obtained after due diligence because Paulina Almanza was recommended by a Texas Bar Ethics Attorney to immediately withdraw as counsel.[2]

Accordingly, undersigned counsel respectfully requests leave from the Court to grant her request to withdraw as counsel of record for Plaintiff Mark Ortega.

[*Signature Page Follows*]

---

[1] Undersigned counsel is prepared to provide an affidavit and documentary proof under seal to establish good cause for the Court's consideration.

[2] Undersigned counsel is prepared to provide more information under seal for the Court's consideration.

Dated:  October 24, 2024

            By: */s/Paulina Almanza*
              Paulina Almanza
              TX State Bar No. 24109580
              **Almanza Terrazas PLLC**
              13423 Blanco Rd, PMB 8098
              San Antonio, Texas 78216
              Telephone: (512) 900-9248
              paulina@almanza.legal

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 10/24/2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, pro se parties, and Plaintiff Mark Ortega via transmission of Notices of Electronic Filing generated by CM/ECF.

            By: */s/Paulina Almanza*
              Paulina Almanza